UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

EVAN GRIFFITH, )
)
    Petitioner, )
)
v. ) Case No. 06-1306
)
DONALD GAETZ, Warden, )
)
    Respondent. )

## O R D E R

Now before the Court is Petitioner, Evan Griffith's ("Griffith"), Motion to Reconsider from the dismissal of his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Motion to Reconsider [#50] is DENIED.

### BACKGROUND

Following a jury trial in the Circuit Court of Livingston County, Illinois, Griffith was found guilty of first degree murder and unlawful possession of a weapon by a person in the custody of the Illinois Department of Corrections ("IDOC"). He was sentenced to death on the murder conviction and a consecutive term of 30 years' imprisonment on the weapons conviction. His death sentence was subsequently commuted to life in prison without parole by former Governor George Ryan.

As Griffith was sentenced to death, his appeal went directly to the Illinois Supreme Court, raising 12 claims of error. The Illinois Supreme Court affirmed Griffith's convictions

and sentences on April 21, 1994. On October 17, 1994, Griffith's Petition for Writ of Certiorari to the United States Supreme Court was denied.

On March 31, 1995, Griffith filed a post-conviction petition in the Livingston County Circuit Court. His petition was amended on January 6, 2000, and again on May 21, 2001. Following an evidentiary hearing, his petition was denied. On appeal to the Illinois Appellate Court, Fourth District, the denial of post-conviction relief was affirmed on July 13, 2005. On September 1, 2005, Griffith filed a petition for leave to file a PLA to the Illinois Supreme Court instanter, which was granted on September 13, 2005. The Illinois Supreme Court then denied Griffith's PLA.

Griffith then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. The Court subsequently granted his request for new counsel to appear and file an amended petition. The State moved to dismiss the petition as untimely, and that motion was ultimately granted.

In denying Griffith's petition, the Court noted that his direct appeal became final on October 17, 1994, when the United States Supreme Court denied his petition for a writ of certiorari. As his direct appeal concluded prior to the enactment of the AEDPA, the Seventh Circuit has held that his one-year clock began to run on April 24, 1996. *See* Newell v. Hanks, 283 F.3d 827, 832-33 (7th Cir. 2002). Griffith already had a post-conviction petition pending in the circuit court at that time, which tolled the limitations period until July 13, 2005, when the denial of the petition was affirmed by the Illinois Appellate Court. Because he had filed an affidavit of intent to file a PLA with the Illinois Supreme Court, Griffith then had 35 days, or until August 17, 2005, in which to file his PLA. On September 1, 2005, Griffith filed a motion for leave to file a PLA instanter, which was

granted on September 13, 2005. The PLA was then denied on December 1, 2005, and his first filing with this Court did not occur until November 30, 2006.

## DISCUSSION

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." <u>Caisse Nationale de Credit v. CBI Industries</u>, 90 F.3d 1264, 1269 (7th Cir. 1996). Furthermore, it is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. <u>Id.</u> at 1270.

In finding the Petition untimely, the Court held that beginning on August 18, 2005 (the day after his PLA was due), Griffith's period of limitations began to run and continued to run until September 1, 2005, when his motion for leave to file his PLA instanter was filed, because he had no pending pleading to toll it. These 14 days, coupled with the 365 days that passed before the filing in this Court exceeded the one-year period of limitations. Perhaps the Court contributed to Griffith's confusion by not carefully drawing the distinction between the term "properly filed" and "pending." This distinction is an important one, as Griffith's PLA was likely properly filed as a result of the permission for leave to file instanter by the state court. That being said, however, does not mean that it was "pending" for purposes of § 2244(d)(2).

The Seventh Circuit has clearly recognized the difference between "properly filed" and "pending", as demonstrated in <u>Fernandez v. Sternes</u>, 227 F.3d 977, 979-981 (7th Cir. 2000):

> [N]o one would suppose, if a state allows a second collateral attack, that this excludes all time since the prisoner began his first collateral attack, even though nothing at all was 'pending'

> during the intervening months. Just so, again, with motions to file untimely appeals and applications for discretionary review. . . . It is sensible to say that a petition continues to be 'pending' during the period between one court's decision and a timely request for further review by a higher court (provided that such a request is filed); it is not sensible to say that the petition continues to be 'pending' after the time for further review has expired without action to continue the litigation. That a request may be resuscitated does not mean that it was 'pending' in the interim.

Similarly, in Johnson v. Chandler, 224 Fed.Appx. 515, 517-18 (7th Cir. 2007), the Court of Appeals relied on Fernandez in finding that the one-year period of limitations was not tolled during the time between the decision by the appellate court and the time that an untimely PLA was filed. The Seventh Circuit noted:

> The only period that can be excluded from the year under § 2244(d)(2) is the period that the petition is "pending" under § 2244(d)(2), beginning from the time the prisoner asks the state court to excuse his default to the time the court issues its decision on the merits. Johnson did not file his petition with the Illinois Supreme Court until more than a month after the 21-day deadline under Illinois Supreme Court Rule 315(b) had passed, so it was not "pending" before the court until he filed the late petition.

Id., at 517 (internal citations omitted). *See also*, Streu v. Dormire, ___ F.3d ___, 2009 WL 465963 (8th Cir. Feb. 26, 2009) (joining other courts of appeal in concluding that "an application is not 'pending' between the expiration of the time for appeal and the filing of a petition for belated appeal), *citing* McMillan v. Secretary for Department of Corrections, 257 Fed.Appx. 249, 252 (11th Cir. 2007); Allen v. Mitchell, 276 F.3d 183, 186 (4th Cir. 2001); Melancon v. Kaylo, 259 F.3d 401, 407 (5th Cir. 2001); Gibson v. Klinger, 232 F.3d 799, 807 (10th Cir. 2000); Fernandez, 227 F.3d at 979.

In order to qualify for tolling under § 2244(d)(2), a petition must not only be "properly filed" but must also be "pending" in state court. The fact that the Illinois Supreme Court allowed his Motion for Leave to File PLA Instanter rendered his PLA properly filed under state law. However, federal courts addressing this issue have consistently held that state law does not determine whether a petition is "pending" for purposes of § 2244(d)(2); rather, the definition of "pending" is a matter of federal law. Gibson v. Klinger, 232 F.3d 799, 807 (10th Cir. 2000); Mills v. Norris, 187 F.3d 881, 883 (8th Cir. 1999). In rejecting the petitioner's argument that the allowance of an out of time appeal magically transforms all of his post-conviction filings into one properly filed proceeding, the Tenth Circuit succinctly stated, "The state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court." Gibson, 232 F.3d at 804.

Accordingly, the Court respectfully rejects Griffith's argument that the fact that his PLA may have been properly filed under state law requires the tolling of the 14-day period between the expiration of his time to file the PLA and the filing of his Motion for Leave to File PLA Instanter. Although the Seventh Circuit has not addressed the exact issue presented here, the Court finds that closely analogous holdings in Fernandez and Johnson suggest that it would join the Tenth and Eighth Circuits in holding that whether a petition is pending is a matter of federal law and that a petition cannot be "pending" during a time when the time for filing has expired yet nothing has in fact been filed, even if a state court subsequently grants leave to file the petition. Thus, Griffith is not entitled to tolling for the 14-day period that elapsed after his time to file his PLA expired with no filing, and his Petition was properly dismissed as untimely.

## CONCLUSION

For the reasons set forth herein, Griffith's Motion to Reconsider from the Dismissal of his Petition for Writ of Habeas Corpus [#50] is DENIED.

ENTERED this 4th day of June, 2009.

s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge